COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


MONIQUE DEMETRIUS REDD
                                          OPINION BY
v.        Record No. 2180-97-2    JUDGE JERE M. H. WILLIS, JR.
                                        MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          Susan D. Hansen, Deputy Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     On appeal from her convictions of possession of a firearm by

a previously convicted felon, in violation of Code § 18.2-308.2,

and of grand larceny, in violation of Code § 18.2-95, Monique

Demetrius Redd contends that the evidence is insufficient to

support her convictions.  We affirm the firearm conviction and

reverse the grand larceny conviction.

                    I.  Firearm Charge

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On May 22, 1997, Redd, a previously convicted felon, entered

a convenience store and placed a "long, black gun" on the

counter.  She ordered the store clerk to give her all the money

from the register.  She warned the clerk that she would kill her if she set off the silent alarm.  After receiving the money, Redd again threatened the clerk, telling her not to call the police.  Asked what kind of gun Redd displayed, the clerk replied, "I just know it was a long black gun.  I am not familiar with guns."

Code § 18.2-308.2(A) provides, in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . .

Code § 18.2-308.2(A) requires the Commonwealth to prove, as an essential element of the offense, that the accused possessed an actual firearm, not merely an object of similar appearance.

> Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm.

Jones v. Commonwealth, 16 Va. App. 354, 357-58, 429 S.E.2d 615, 617 (1992), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).  Our inquiry is whether the recited evidence is sufficient to carry the foregoing burden of proof.

The store clerk's description of the object brandished by Redd as "a long black gun" is insufficient, alone, to prove that the object possessed the "ability to expel a projectile by the power of an explosion."  However, Redd's threat, upon presenting the weapon, to kill the clerk was an implied assertion that the object was a functioning weapon, being in fact the firearm that

- 2 -

it appeared to be and possessing the power to kill.  This implied assertion, which was corroborated by the appearance of the object and was uncontradicted by any other evidence, was evidence sufficient to support the trial court's finding that the object was a firearm.

## II.  Grand Larceny Charge

On November 1, 1996, Redd cashed an Aid to Dependent Children check for $291 at People's Market, a convenience store owned by Na Song.  On November 13, 1996, Redd reported to the Department of Social Services that the check was stolen or lost and by affidavit swore that she had neither endorsed the check nor authorized its endorsement.  Social Services issued her another check and withdrew the amount of the first check from the bank account of People's Market.

Redd was convicted of grand larceny of "United States currency and/or personal property . . . belonging to People's Market," in violation of Code § 18.2-95.

Redd cashed the assistance check on November 1, 1996.  Her affidavit was dated November 13, 1996.  The evidence supports a finding that the affidavit was false and that Redd defrauded the Department of Social Services.  However, Redd's only act with respect to People's Market was the lawful cashing of the assistance check.  Nothing in the evidence supports a finding that Redd intended thereby to steal from People's Market or that, at that time, she intended to present a false claim to the Department of Social Services.  No evidence supports a finding

- 3 -

that Redd knew that her execution of the affidavit would cause the Department of Social Services to withdraw money from the account of People's Market.

The evidence supports Redd's conviction on the firearm charge, and we affirm the judgment of the trial court with respect to that conviction.  The evidence fails to support Redd's conviction of grand larceny.  We reverse the judgment of the trial court with respect to that conviction and order that charge dismissed.

<u>Affirmed in part,</u>
<u>reversed in part.</u>

Benton, J., concurring and dissenting.

I concur in Part II and the judgment reversing the grand larceny conviction. However, I dissent from Part I and would reverse the conviction for violating Code § 18.2-308.2 because, in my judgment, the evidence was insufficient to prove beyond a reasonable doubt that the object Redd placed on the counter had the actual ability to expel a projectile by the power of an explosion. See Jones v. Commonwealth, 16 Va. App. 354, 357, 429 S.E.2d 615, 617, aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).

No gun was seized from Redd or produced at trial. I agree with the majority that the store clerk's description of the object as a gun was insufficient to prove that the object Redd possessed during the robbery had the "ability to expel a projectile by the power of an explosion." Id. However, I disagree with the majority's assertion that Redd's threat to the clerk, together with the clerk's description of the object, was sufficient to prove beyond a reasonable doubt that the object was either functional or had the "ability to expel a projectile by the power of an explosion." "Proof by circumstantial evidence 'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture.'" Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (citation omitted).

Accordingly, I would reverse the conviction for possession of a firearm, as prohibited by Code § 18.2-308.2.