COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Beales
Argued at Richmond, Virginia


JACQUES DIEGO ELDER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2599-06-2                      JUDGE RANDOLPH A. BEALES
                                                    OCTOBER 9, 2007

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                          Thomas V. Warren, Judge

           John F. McGarvey for appellant.

           Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
           Attorney General, on brief), for appellee.


        Jacques Diego Elder (appellant) was convicted of possession of a firearm by a convicted

felon, pursuant to Code § 18.2-308.2.  On appeal, he argues that the trial court, sitting as the

finder of fact, erred in concluding that the evidence was sufficient to prove he possessed a

firearm.  Specifically, he contends "there was insufficient proof [that] the object was a firearm."

We hold the evidence was sufficient to prove that the object was a firearm.

        The Supreme Court discussed proof of possession of a firearm under Code § 18.2-308.2

in Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002):

               We hold that in order to sustain a conviction for possessing a
               firearm in violation of Code § 18.2-308.2, the evidence need show
               only that a person subject to the provisions of that statute [i.e., a
               felon] possessed an instrument which was designed, made, and
               intended to expel a projectile by means of an explosion.  It is not
               necessary that the Commonwealth prove the instrument was
               "operable," "capable" of being fired, or had the "actual capacity to
               do serious harm."  Accordingly, we affirm the judgment of the

        _____

           * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Court of Appeals in Armstrong II [Armstrong v. Commonwealth, 36 Va. App. 312, 549 S.E.2d 641 (2001) (*en banc*),] to overrule Gregory [v. Commonwealth, 28 Va. App. 393, 504 S.E.2d 886 (1998),] and Williams [v. Commonwealth, 33 Va. App. 796, 537 S.E.2d 21 (2000)], and in limiting the reading of Jones [v. Commonwealth, 16 Va. App. 354, 429 S.E.2d 615, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993),] to any extent that it could be read as being inconsistent with the opinion expressed in Armstrong II.

(Footnote omitted).

On questions of credibility and sufficiency of the evidence, this Court defers to the trial court's findings. Byers v. Commonwealth, 37 Va. App. 174, 179, 554 S.E.2d 714, 716 (2001). As this opinion is not designated for publication and the parties are familiar with the record, we include only those facts relevant to our holding.

Credible evidence proved that appellant had a Glock 9mm, a weapon designed to expel a projectile by means of an explosion. The eyewitness, who testified that he saw appellant with a gun, worked for the federal Department of Justice as a firearms instructor and "ha[d] use of firearms everyday [sic]." This eyewitness observed appellant's hand for two minutes in a lighted area. He observed the barrel of the gun and the firing mechanism. He testified that the item was a Glock 9mm, an object that the parties agree is designed to expel a projectile by means of an explosion. The trial court found this testimony "about the best evidence" he had heard from a lay witness. Therefore, under Armstrong, the Commonwealth proved its case. The evidence is sufficient to support the trial court's finding that appellant, a felon, possessed a firearm as prohibited by Code § 18.2-308.2.

Appellant contends the Commonwealth must present evidence of testing that confirms the gun was capable of firing or of a witness who observed a muzzle flash from the weapon in order to prove the object was a firearm. He relies primarily on Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), which was decided prior to the Armstrong cases and,

therefore, is somewhat suspect as the best precedent on this issue. <u>Redd</u> used the pre-<u>Armstrong</u> analysis of Code § 18.2-308.2, which required that the Commonwealth prove, as an element of the offense, that the firearm was operable when in the possession of the felon. <u>Id.</u> at 259, 511 S.E.2d at 437-38 (citing <u>Jones</u>, 16 Va. App. 354, 429 S.E.2d 615). When the Court in <u>Armstrong</u> overruled <u>Williams</u>, 33 Va. App. 796, 537 S.E.2d 21, and <u>Gregory</u>, 28 Va. App. 393, 504 S.E.2d 886, and limited the holding in <u>Jones</u>, it also limited the usefulness of <u>Redd</u>. 263 Va. at 584, 562 S.E.2d at 145.

In addition, this Court's holding in <u>Redd</u> does not support appellant's argument, even if <u>Redd</u> does remain good law. The gun was not recovered in <u>Redd</u>, and no witness testified that the gun held by the defendant was fired during the robbery. 29 Va. App. at 258, 511 S.E.2d at 437. Nevertheless, this Court affirmed the conviction based on the store clerk's testimony that Redd had a "'long, black gun'" and had threatened to "kill her if she set off the silent alarm." <u>Id.</u> Although the witness in <u>Redd</u> was "'not familiar'" with firearms, <u>id.</u>, this observation, together with the threat's implied assertion that the firearm was functioning, was sufficient to support Redd's conviction, <u>id.</u> at 259, 511 S.E.2d at 438. Therefore, even before the Supreme Court's decision in <u>Armstrong</u>, the Commonwealth was not limited to evidence of weapons testing and observations of muzzle flashes to prove that a firearm was operable, and thereby support a conviction under Code § 18.2-308.2.

For all of the reasons stated above, we find the evidence was sufficient to prove appellant, a convicted felon, possessed a firearm in violation of Code § 18.2-308.2, and, therefore, we affirm his conviction.

<u>Affirmed.</u>