COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


WILLIAM McCRAY ELEY, JR.

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2652-08-2                JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 27, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                            James F. D'Alton, Jr., Judge

              (Christopher B. Ackerman, on brief), for appellant.  Appellant
              submitting on brief.

              Josephine F. Whalen, Assistant Attorney General II (William C.
              Mims, Attorney General, on brief), for appellee.


        William McCray Eley, Jr. (Eley) appeals from two convictions for possessing a firearm after

having been convicted of a felony in violation of Code § 18.2-308.2.[1]  On appeal, Eley contends

there was insufficient evidence to prove the object he used to commit the robberies was a firearm.

He argues there was evidence that a BB gun was recovered in the location where he was arrested,

therefore, a reasonable hypothesis was that the object he used was a BB gun.[2]  We disagree, and

affirm his convictions.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was convicted of five additional charges, none of which are the subject of this
appeal.

        [2] The Commonwealth argues that Eley failed to argue at trial that the BB gun recovered
from the house where he was arrested was the object he allegedly used to commit the robberies
and is, therefore, precluded under Rule 5A:18 from making that argument on appeal.
        Our review of the transcript shows that in his initial motion to strike after the
Commonwealth rested its case-in-chief, Eley argued there was little evidence as to the object
presented to the victims, and "[i]t well could have been a BB-gun."  After presenting evidence,

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below." Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003). "We are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*).

So viewed, the evidence proved that Eley committed two robberies. On February 21, 2008, he robbed David Paden, and on February 28, 2008, he robbed Joseph Bookout.

Paden testified "[i]t was a black gun" that Eley used. It did not look like a revolver to Paden, so he "assume[d] it was an automatic."

Bookout testified that Eley approached him while he was seated in his truck, put a gun to his head, ordered him not to say anything, and demanded his money. After the robbery, Eley ordered Bookout to give him a ride to a location. When Bookout refused, Eley tapped on the glass with the gun, entered the truck, put the gun to Bookout's head, and threatened to "blow [his] brains out" if he did not comply. Bookout drove Eley to the requested location where Eley exited the truck and ordered Bookout to drive away. Eley threatened to shoot at the truck if Bookout looked back.

Eley "renew[ed] the motion to strike," and made additional arguments. By renewing his earlier motion to strike, Eley preserved his argument regarding a BB gun; therefore, we address the merits of the argument.

Detective Grim testified Eley was arrested at a residence rented by Jennifer Holmes, but there was no evidence linking Eley to that residence other than the fact he was arrested there. Grim searched Holmes's residence, and Eley objected to any evidence regarding the items recovered until and unless the Commonwealth linked it to Eley. The Commonwealth "move[d] to admit the evidence that Detective Grim can offer on conditional relevance." The trial court allowed it, "[s]ubject to it being tied in, but it's not in yet." Grim described, *inter alia,* a jacket and a black BB gun.

Later, Sergeant Walls testified he arrested Eley, but he became confused about where Eley was arrested. The Commonwealth then withdrew the exhibits relating to the items recovered during the search, and the trial court noted that the evidence and exhibits[3] to which Eley objected "are not evidence."

Eley testified that he did not rob either man, but instead their encounters involved drug transactions. He claimed he sold cocaine to Paden, but shorted him on the amount. Eley claimed he sold an imitation substance that resembled cocaine to Bookout. He denied possessing a firearm.

ANALYSIS

Code § 18.2-308.2 proscribes the possession of a firearm by a convicted felon. "[I]n order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).

---

[3] The exhibits consisted of a list of the items recovered and a photograph depicting the items, but neither was made a part of the record on appeal.

In Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), the defendant was convicted of possessing a firearm after having been convicted of a felony although no firearm was recovered or admitted at trial. A store clerk, unfamiliar with firearms, testified that Redd displayed "a long, black gun" and demanded money. Id. at 258, 511 S.E.2d at 437. Redd threatened to "kill her if she set off the silent alarm." Id. This Court found that the clerk's description, alone, was insufficient to support the conviction, however, the defendant's "[implied] assertion that the object was a functioning weapon, . . . which was corroborated by the appearance of the object and was uncontradicted by any other evidence, was evidence sufficient to support the trial court's finding that the object was a firearm." Id.

Here, as a result of the trial court's ruling regarding the items recovered during the arrest, the only evidence before the trial court relating to the object used to effect the robberies was the victims' observations and testimony regarding the fact that Eley brandished a gun during the robberies. However, each victim provided additional details to show the object Eley possessed was a firearm. Moreover, unlike the victim in Redd, neither victim indicated he was unfamiliar with firearms. In fact, Paden characterized the gun as an automatic, rather than a revolver, which suggested he was familiar with firearms. Eley threatened to shoot Bookout with the gun if he did not comply with Eley's demands. That threat constituted an implied assertion that the object was an actual firearm. Id. Those additional pieces of evidence, in conjunction with the description of a gun, constituted competent, credible, and sufficient evidence to prove beyond a reasonable doubt Eley possessed a firearm on both occasions. Accordingly, we affirm his convictions.

Affirmed.