COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


JAMAR D. STREET

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1537-10-2                      JUDGE WILLIAM G. PETTY
                                                    DECEMBER 6, 2011
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                        James F. D'Alton, Jr., Judge

        Shaun R. Huband, Assistant Public Defender (Office of the Public
        Defender, on brief), for appellant.

        Craig W. Stallard, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Jamar D. Street appeals his conviction for possession of a firearm by a convicted felon, in

violation of Code § 18.2-308.2.[1]  Street contends that the trial court erred by finding the evidence

sufficient to convict him of possessing a "firearm" within the meaning of Code § 18.2-308.2.

Street argues that the evidence failed to show that the object he possessed was "designed, made,

and intended to expel a projectile by means of an explosion."[2] Armstrong v. Commonwealth,

263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).  For the following reasons, we agree.

Accordingly, we reverse Street's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Street was also convicted of two counts of attempted robbery, in violation of Code
§§ 18.2-26 and 18.2-58, and two counts of use of a firearm in the commission of a felony, in
violation of Code § 18.2-53.1.  Those convictions are not before us.

[2] Street does not contest that he is a convicted felon for purposes of Code § 18.2-308.2.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "When the sufficiency of the evidence is challenged on appeal, we view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the party prevailing below to determine whether the evidence presented at trial supports each and every element of the offense charged." Barson v. Commonwealth, 58 Va. App. 451, 455, 711 S.E.2d 220, 222-23 (2011) (en banc) (citing Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)). However, "[w]e review a trial court's application of a statute *de novo*." Bowling v. Commonwealth, 51 Va. App. 102, 108, 654 S.E.2d 354, 357 (2007).

Code § 18.2-308.2(A) provides: "It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm . . . ." The Supreme Court has explained that "to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence [must] show . . . that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong, 263 Va. at 584, 562 S.E.2d at 145; see also id. at 585, 562 S.E.2d at 146 ("The evidence was clearly sufficient to establish that the rifle was designed, made, and intended to expel a projectile by means of an explosion, and that is all the Commonwealth need prove to establish that it was a firearm within the meaning of the statute.").[3]

This differs from the definition of a "firearm" for purposes of Code § 18.2-53.1, which prohibits the use or display of a firearm in the commission of certain specified felonies. As the

---

[3] Armstrong rejected the proposition "that the Commonwealth [must] prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm.'" 263 Va. at 584, 562 S.E.2d at 145.

Supreme Court has explained, "[t]he purpose of Code § 18.2-53.1 . . . is to deter violent criminal conduct." Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980). That code section "not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm." Id. A victim can be put in fear of physical harm "just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile." Id. Thus, a "firearm" for purposes of Code § 18.2-53.1 includes "an instrument which [gives] the *appearance* of having a firing capability, whether or not the object actually ha[s] the capacity to propel a bullet by the force of gunpowder." Id. at 199, 269 S.E.2d at 358 (emphasis added).

"By contrast, the conduct proscribed by Code § 18.2-308.2, being a felon in possession of a firearm, focuses on the General Assembly's determination that certain individuals – felons – are unfit to possess firearms, even for lawful purposes." Armstrong, 263 Va. at 582, 562 S.E.2d at 144. "[T]he legislative intent underlying Code § 18.2-308.2 is not directed toward proscribing 'criminal conduct that produces fear of physical harm' to an individual victim . . . ." Id. at 582-83, 562 S.E.2d at 144 (quoting Holloman, 221 Va. at 198, 269 S.E.2d at 358). Thus, "[this] offense has no element of perception by a victim that would warrant applying the same broad construction to the term 'firearm' in [Code § 18.2-308.2] as is applicable to the same term in Code § 18.2-53.1." Id. at 583, 562 S.E.2d at 144.

The Supreme Court has made it clear, therefore, that the term "firearm" has a narrower meaning in Code § 18.2-308.2 than it does in Code § 18.2-53.1. See Startin v. Commonwealth, 281 Va. 374, 381-82, 706 S.E.2d 873, 878 (2011) (discussing this distinction). A firearm for purposes of Code § 18.2-53.1 can be merely "an instrument that gives the appearance of having a firing capability." Holloman, 221 Va. at 198, 269 S.E.2d at 358. However, a firearm for

purposes of Code § 18.2-308.2 must be "an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong, 263 Va. at 584, 562 S.E.2d at 145.

Although the testimony in this case demonstrates that the object used by Street gave the appearance of having a firing capability, it does not demonstrate that the object was designed, made, and intended to expel a projectile by means of an explosion. Mrs. Liu testified that as she was working at the cash register in the Jade Garden restaurant, a masked man entered the restaurant and pointed a gun "everywhere in the restaurant." Similarly, Mr. Liu testified that a masked man entered the restaurant and "pulled a gun to everywhere in the restaurant." Mr. Liu testified that the intruder pointed the gun in the direction of the front desk. Furthermore, Detective Harris testified that the surveillance video showed a man entering the restaurant and "pointing a black firearm in the direction of Mr. and Mrs. [Liu]." Although Detective Harris stated that the gun was a "[b]lack semiautomatic pistol," he acknowledged in response to the prosecutor's next question that he was unable to tell whether it was "a real gun."

This evidence is sufficient to prove the existence of a firearm for purposes of Code § 18.2-53.1—"an instrument that gives the appearance of having a firing capability." Holloman, 221 Va. at 198, 269 S.E.2d at 358. Furthermore, in brandishing the object, Street clearly "display[ed] [it] in a threatening manner." Code § 18.2-53.1. However, the evidence is insufficient to prove the existence of a firearm for purposes of Code § 18.2-308.2—"an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong, 263 Va. at 584, 562 S.E.2d at 145.

The Commonwealth contends that Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), supports its position. In Redd, the Court affirmed Redd's conviction for possession of a firearm by a convicted felon, because there was more than simply a "store clerk's description of the object brandished by Redd as 'a long black gun.'" Id. at 259, 511 S.E.2d at

- 4 -

438. After placing a gun on a convenience store counter and demanding the money in the cash register from the store clerk, Redd "warned the clerk that she would kill her if she set off the silent alarm." Id. at 258, 511 S.E.2d at 437. "After receiving the money, Redd again threatened the clerk, telling her not to call the police." Id. While the Court in Redd reasoned that "Redd's threat, upon presenting the weapon, to kill the clerk was an implied assertion that the object was a functioning weapon, being in fact the firearm that it appeared to be and possessing the power to kill," id. at 259, 511 S.E.2d at 438, it also noted that "[t]he store clerk's description of the object brandished by Redd as 'a long black gun' is insufficient, alone, to prove that the object possessed the 'ability to expel a projectile by the power of an explosion,'" id. (quoting Jones v. Commonwealth, 16 Va. App. 354, 357, 429 S.E.2d 615, 617, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993)).

Were we to hold that the testimony in this case is sufficient to prove the existence of a firearm for purposes of Code § 18.2-308.2, we would effectively nullify the distinction the Supreme Court has drawn between the definition of a firearm under Code § 18.2-53.1 and the definition of a firearm under Code § 18.2-308.2. Evidence that demonstrates merely that an object appeared to observers to be a gun shows nothing more than that the object meets the broad definition of a firearm under Code § 18.2-53.1. Consequently, it fails to show that the object meets the narrower definition of a firearm under Code § 18.2-308.2.

In sum, Detective Harris testified that he was unable to determine whether the object was a real gun, and there was no testimony or other evidence in this case to show that the object used by Street was anything more than an instrument that looked like a gun. Code § 18.2-308.2 requires something more than this to demonstrate that the object was not merely "an instrument that gives the appearance of having a firing capability," Holloman, 221 Va. at 198, 269 S.E.2d at 358, but was actually "an instrument which was designed, made, and intended to expel a

- 5 -

projectile by means of an explosion," <u>Armstrong</u>, 263 Va. at 584, 562 S.E.2d at 145.  Thus, we hold that the trial court erred in finding the evidence sufficient to convict Street of possessing a firearm in violation of Code § 18.2-308.2.

For the foregoing reasons, we reverse Street's conviction for possession of a firearm by a convicted felon.

<u>Reversed.</u>