COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Russell and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


PAUL DAVID DAYQUAN LYNCH, JR., A/K/A
  PAUL DAVID LYNCH, JR.

v.      Record No. 0753-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WESLEY G. RUSSELL, JR.
MAY 10, 2016


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
William S. Moore, Jr., Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Paul David Dayquan Lynch, Jr., was convicted of robbery in violation of Code § 18.2-58,

two counts of use of a firearm in the commission of a felony in violation of Code § 18.2-53.1,

statutory burglary with a deadly weapon in violation of Code § 18.2-90, and possession of a

firearm after a violent felony conviction in violation of Code § 18.2-308.2.  Appellant challenges

only his conviction for possessing a firearm after having been convicted of a felony, arguing that

the evidence failed to prove that he possessed a firearm as that term is used in Code

§ 18.2-308.2.  For the reasons that follow, we affirm.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below."  Smallwood

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis, citation, and internal quotation marks omitted).

So viewed, the evidence establishes that, on July 29, 2014, sixteen-year-old S.B. was alone in her sister's London Oaks apartment in Portsmouth when appellant and another man knocked on the door. S.B. opened the door and saw the two men, neither of whom appeared familiar. The men asked S.B. if her sisters were home. S.B. responded that nobody else was there, and then closed the door. The two men continued to knock, and S.B. repeated from inside that no one was home. S.B. finally opened the door again, and the man with appellant used his foot to keep the door open. Appellant pointed a gun at S.B.'s face and demanded, "Where the money at?" Although S.B. told the men there was no money, they entered the apartment, closed the door, and appellant began "walking around the house picking up stuff." Appellant took a laptop, a "Note 2" cell phone, and a Ziplock bag of change. Before leaving, appellant told S.B. to unlock the phone and she did. After the men left, S.B. called the police.

Later the same day, S.B. and her sister were called to the scene of an automobile accident. When S.B. arrived, she pointed to appellant and stated, "That's the man that put the gun to my head."

At trial, S.B. described the gun as small, and black and brown in color. She could not identify what type of gun it was, stating "I don't know how to explain guns, because I've never been around a gun before." She testified that during the encounter, "[she] felt like they were going to kill [her]."

- 2 -

The trial court concluded that the evidence proved that appellant possessed a firearm, and this appeal followed.

ANALYSIS

Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that the object he possessed was a firearm for the purposes of Code § 18.2-308.2. In addressing appellant's challenge to the sufficiency of the evidence, we examine the trial court's factual finding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). The only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas, 48 Va. App. at 608, 633 S.E.2d at 231).

Appellant concedes that, at the time of the incident, he was a convicted felon, and thus, was prohibited by Code § 18.2-308.2 from possessing a "firearm." Although Code § 18.2-308.2 does not expressly define what constitutes a "firearm," case law establishes that, for the purpose of the felon-in-possession statute, a "firearm" is an object "'designed, made, and intended to fire or expel a projectile by means of an explosion.'" Jordan v. Commonwealth, 286 Va. 153, 157,

747 S.E.2d 799, 800-01 (2013) (quoting Armstrong v. Commonwealth, 263 Va. 573, 583, 562 S.E.2d 139, 145 (2002)).

Appellant argues that the evidence was insufficient to allow the factfinder to conclude that the object he possessed was "designed, made, and intended to fire or expel a projectile by means of an explosion." He notes that no firearm was recovered and argues that S.B.'s testimony that he possessed a gun, even coupled with the other evidence at trial, does not eliminate the possibility that it was a toy or some other object that was not "designed, made, and intended to fire or expel a projectile by means of an explosion."

Our resolution of this argument is governed by the Virginia Supreme Court's decision in Jordan. In Jordan, the defendant pointed an object appearing to be a firearm at the victim's head and ordered him out of his vehicle. 286 Va. at 155, 747 S.E.2d at 800. The victim described the gun as a small, silver, semi-automatic pistol. He identified it as a "Raven," a particular type of small pistol with which he was familiar. Id. Jordan was apprehended by police shortly thereafter, but no weapon was recovered. Id. at 156, 747 S.E.2d at 800.

In affirming the conviction, the Supreme Court explained, "The trier of fact was entitled to consider the totality of the evidence, including [the victim's] direct testimony identifying the weapon, and Jordan's conduct which included pointing that weapon to [the victim's] head and demanding that [the victim] get out of the truck." Id. at 158-59, 747 S.E.2d at 801. The Court determined that it was within the province of the jury to conclude that Jordan's conduct was an "implied assertion" that the object he had used was a firearm. Id.

The similarities between the evidence in this case and Jordan dictate the same result. S.B. testified that appellant put a gun in her face.[1] Furthermore, appellant and his cohort used the threat of the gun to access the apartment and to commit their crimes. The use of the gun to control S.B.'s movements and actions constituted appellant's "implied assertion" that the object was, in fact, a firearm.[2] In accordance with Jordan, this evidence was sufficient to allow the factfinder reasonably to conclude beyond a reasonable doubt that the object appellant possessed was a firearm as that term is used in Code § 18.2-308.2. See also Redd v. Commonwealth, 29 Va. App. 256, 259, 511 S.E.2d 436, 438 (1999) (recognizing that a victim's testimony that a defendant used a gun, coupled with the "implied assertion" that arose from the threatening manner in which defendant used the object, "was evidence sufficient to support the trial court's finding that the object was a firearm").

In affirming the trial court's conclusion, we note that "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting

---

[1] Appellant argues that "[a]t a minimum, the [C]ommonwealth should be required to present expert testimony" in situations such as this to establish that the weapon was a "firearm." There is no basis for such a requirement in either the Supreme Court's decision in Jordan or our decision in Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), and we decline to adopt such a requirement here.

[2] Appellant argues that the "implied assertion" discussion in Jordan "grafted an extra element" onto Code § 18.2-308.2, requiring the Commonwealth to establish that a defendant used the object in a manner that constitutes an "implied assertion" that the object is a firearm. This misreads Jordan. Code § 18.2-308.2 does not contain an element that the object be used in such a manner; it only requires that a convicted felon possess a firearm. Jordan's "implied assertion" discussion establishes that a way in which the Commonwealth can prove that the object possessed is a firearm is a victim's testimony that he saw a gun, coupled with a defendant using the object in a manner that implies that the object is, in fact, a firearm. While a permissible way for the Commonwealth to prove that the object is a firearm, it is not the required or exclusive way. For example, if the object is recovered and successfully test fired, the fact that it is a firearm for the purposes of Code § 18.2-308.2 is established even if the defendant never implied, by assertion or otherwise, it was a firearm.

<u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979)).  Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Sullivan</u>, 280 Va. at 676, 701 S.E.2d at 63 (emphasis added).

Consistent with <u>Jordan</u>, we cannot say that no rational trier of fact could conclude that the evidence sufficiently established appellant's possession of a firearm.  Therefore, we affirm appellant's conviction.

CONCLUSION

For the reasons stated above, the evidence was sufficient to allow the factfinder to conclude that appellant possessed a firearm after previously having been convicted of a felony.  Accordingly, we affirm appellant's conviction for violating Code § 18.2-308.2.

<u>Affirmed.</u>