UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

STEVEN ANTHONY TRACE

MEMORANDUM OPINION* BY
v.        Record No. 0885-18-1          JUDGE MARY BENNETT MALVEAUX
OCTOBER 1, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

Eric P. Korslund (Law Office of Eric Korslund, P.L.L.C., on brief),
for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Steven Anthony Trace ("appellant") appeals his conviction for possession of a firearm by

a convicted felon, in violation of Code § 18.2-308.2(A).[1]  He argues that the trial court erred in

denying his motion to set aside the verdict because the evidence was insufficient to prove that he

possessed a firearm.  For the following reasons, we affirm the trial court's ruling.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also indicted for robbery, in violation of Code § 18.2-58; conspiracy to commit robbery, in violation of Code §§ 18.2-22 and -58; use of a firearm in the commission of a felony, subsequent offense, in violation of Code § 18.2-53.1; and conspiracy to commit use of a firearm in the commission of a felony, subsequent offense, in violation of Code §§ 18.2-22 and -53.1.  Upon motion by appellant, the charge of possession of a firearm by a convicted felon was severed from the other four charges.  In a separate proceeding, the trial court granted the Commonwealth's motion to *nolle prosequi* the charge of conspiracy to commit use of a firearm in the commission of a felony and a jury found appellant not guilty of the remaining three charges.

## I. BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'" Sidney v. Commonwealth, 280 Va. 517, 520 (2010) (quoting Murphy v. Commonwealth, 264 Va. 568, 570 (2002)).

On August 11, 2016, Cory Bartley was staying with a friend, Devon Hoover, in the City of Norfolk. Shortly before 11:30 p.m., the two men walked to a nearby convenience store. Bartley testified at appellant's bench trial that when he arrived at the convenience store, he was wearing several gold necklaces and carrying a bookbag.

While Bartley and Hoover were at the convenience store, a white SUV arrived and parked. Bartley saw appellant and another man get out of the SUV. As Hoover and Bartley walked away from the store, Bartley noticed appellant and his companion looking in his direction.

After walking for about one block, Bartley again saw the white SUV. It pulled up and stopped, and appellant and his companion got out. They approached Bartley and Hoover and appellant asked Bartley, "Hey, do you know me?" Bartley replied that he did not. Appellant kept walking closer and closer to Bartley and Hoover.

At that point, Bartley felt "very bad negative vibes" and advised Hoover, who was wearing a neck brace, to walk away. Appellant's companion then "sw[u]ng[] at" Bartley and took his bookbag. Appellant began fighting with Bartley and attempted to take his jewelry. He also "pulled [a] weapon out on [Bartley]." Bartley described the weapon as a gun which appellant pointed straight at his chest and stomach. Bartley tried to fight back after appellant pointed the gun at him and told him to give appellant his wallet and phone. When appellant

dropped his gun, Bartley ran away. Bartley described the sound of appellant's gun hitting the ground as "[l]ike dropping a block or like a brick on the ground . . . dropping a solid object on the ground."

At trial, the Commonwealth's attorney asked Bartley why he thought the object pointed at him by appellant was a gun, and Bartley replied, "Because it was a gun. I mean, anybody can know what a gun looks like." When asked by the trial court what specific parts of the weapon led him to conclude that it was a gun, Bartley responded, "The trigger, the barrel, the hole in the barrel, everything. It comes down to a handgun." Bartley stated that he did not "really know really much about guns" and admitted that at the time of the incident he did not know what type of handgun was being pointed at him. However, after later conducting research and comparing his recollection with the "looks" and "shape" of a friend's Glock pistol, Bartley determined that the gun was a Glock. In particular, Bartley stated that "the cubed head of the body from the front of the barrel to the back" were distinctive features of appellant's weapon that suggested to him that it was like his friend's Glock. During cross-examination, Bartley agreed that he did not hold the object dropped by appellant and that he would not know whether the object pointed at him by appellant was a "real gun or a BB gun."

After the Commonwealth presented its case-in-chief, appellant moved to strike the evidence on the ground that no firearm had been recovered and thus there was no evidence that appellant had possessed a firearm "other than a mere observance by a lay witness as to what he thinks is a gun." The trial court took the motion under advisement.

Appellant presented no evidence and renewed his motion to strike. The trial court denied the motion and convicted appellant after noting that the facts of the instant case were similar to the facts in both Redd v. Commonwealth, 29 Va. App. 256 (1999), and Jordan v. Commonwealth, 286 Va. 153 (2013).

Appellant filed a motion to set aside the verdict. At a hearing on the motion, appellant reiterated his argument that "the brandishing of the item and the description of [its] appearance by a lay witness" was insufficient to prove that he was in possession of a firearm. The trial court took the matter under advisement and subsequently issued a letter opinion denying appellant's motion. In its opinion, the court stated that it had

> considered the totality of the evidence, including [Bartley's] testimony that although he was unfamiliar with handguns at the time of the incident, he subsequently conducted research and determined that the firearm he observed [appellant] brandishing was a "Glock." [Bartley] further testified that [appellant] pointed the weapon directly at him, implying that [appellant] might shoot him. . . . [T]he [c]ourt found the facts analogous to those in Jordan, where the victim sufficiently identified the weapon and found that the defendant pointing it directly at the victim "was an implied assertion that the object was a firearm." Jordan, 286 Va. at 158.

Appellant appealed to this Court.

## II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to set aside the verdict because the evidence was insufficient to prove that he possessed a firearm, *i.e.*, an instrument designed, made, and intended to fire or expel a projectile by means of an explosion. He notes that no firearm was introduced into evidence at trial and contends that consequently, the Commonwealth's evidence relied entirely upon Bartley's identification of a firearm. That identification was unreliable, appellant argues, because Bartley was unfamiliar with firearms, "merely assumed" at the time that the object produced by appellant was a firearm, and only later confirmed his assumption after examining a friend's firearm collection.

"When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth, and accord to it all inferences fairly drawn from the evidence." Grimes v. Commonwealth, 288 Va.

314, 318 (2014). In conducting our review, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." Smith v. Commonwealth, 296 Va. 450, 460 (2018) (alteration in original) (quoting Commonwealth v. Perkins, 295 Va. 323, 327 (2018)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Phillips v. Commonwealth, 56 Va. App. 526, 534-35 (2010) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)). Thus, "[i]f there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Synan v. Commonwealth, 67 Va. App. 173, 185 (2017) (quoting Courtney v. Commonwealth, 281 Va. 363, 366 (2011)).

Code § 18.2-308.2(A) provides, in pertinent part, that it is unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm."[2] With respect to what constitutes a firearm under the statute, our Supreme Court has held that "in order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to fire or expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573, 584 (2002). See also Jordan, 286 Va. at 157. Further, while it is unnecessary that the Commonwealth "prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm,'" Armstrong, 263 Va. at 584, "a replica gun and a BB gun would not be sufficient to convict a person under Code § 18.2-308.2 . . . because those items were not 'designed, made, and intended to fire or

---

[2] At trial, the Commonwealth introduced into evidence a sentencing order reflecting that appellant had been convicted in 2008 for robbery, in violation of Code § 18.2-58.

expel a projectile by means of an explosion,'" Jordan, 286 Va. at 157 (quoting Startin v. Commonwealth, 281 Va. 374, 382 (2011)).

We are unpersuaded by appellant's argument that the evidence was insufficient to prove he possessed a firearm. Where, as here, no firearm is recovered and entered into evidence at trial, a defendant may still be convicted of possession of a firearm by a convicted felon based upon a victim's identification of a gun taken together with the conduct of the defendant.

In Redd, this Court affirmed the defendant's conviction for possession of a firearm by a convicted felon where no firearm was introduced into evidence at trial. The defendant had entered a convenience store, placed a "long, black gun" on the counter, and ordered the clerk to give her all of the money in the cash register. Redd, 29 Va. App. at 258. The defendant warned the clerk that she would be killed if she set off a silent alarm. Id. After the clerk gave the money to the defendant, the defendant again threatened her and told her not to call the police. Id. When asked what kind of gun the defendant had displayed, the clerk replied, "I just know it was a long black gun. I am not familiar with guns." Id. The Court first concluded that the clerk's description of the brandished object was "insufficient, alone, to prove that the object possessed the 'ability to expel a projectile by the power of an explosion.'" Id. at 259. However, it then determined that the defendant's "threat, upon presenting the weapon, to kill the clerk was an implied assertion that the object was a functioning weapon, being in fact the firearm that it appeared to be and possessing the power to kill." Id. The Court held that the combined weight of this evidence—the "implied assertion, which was corroborated by the appearance of the object and was uncontradicted by any other evidence"—was sufficient to support the trial court's factual finding that the object produced by the defendant was a firearm. Id.

Likewise, in Jordan, our Supreme Court affirmed the defendant's conviction for possession of a firearm by a convicted felon where the evidence at trial did not include a

recovered firearm. In that case, the complaining witness was sitting in a parked truck when the defendant approached and began asking him questions. Jordan, 286 Va. at 155. When he did not reply, the defendant pointed a small pistol at the complaining witness and ordered him out of the truck. Id. The complaining witness complied and ran away. Id. At trial, he stated that he was familiar with handguns because his father was in the military and that the handgun pointed at him by the defendant had appeared to be a "Raven," a particular kind of pistol with which he was familiar. Id. During cross-examination, however, he admitted that "he could not say for certain that the object was not a toy gun." Id. The Court, after confirming the soundness of the holding in Redd, noted that "[i]n Redd, the defendant's threat to kill the clerk was an implied assertion that the object was a firearm." Id. at 158. While the defendant in Jordan "did not verbally threaten to kill [the complaining witness], . . . the acts of pointing the gun at [him] while directing him to get out of the [truck], most assuredly communicated the message that if [he] did not comply, [the defendant] would shoot him." Id. The Court also noted that the complaining witness identified the object produced by the defendant as a Raven, a well-known pistol, and that "[t]he reference to a 'Raven' indicates a specific weapon that . . . clearly meets the definition of a firearm as set out in Armstrong." Id. The Court further noted that the complaining witness' identification of the firearm was subject to cross-examination and that "[t]he determination of how much weight to give to his identification . . . was a matter for the trier of fact." Id. In affirming the defendant's conviction, the Court concluded that the fact-finder was entitled to consider the totality of the evidence, including the complaining witness' "testimony identifying the weapon, and [the defendant's] conduct which included pointing that weapon to [the complaining witness'] head and demanding that [he] get out of the truck." Id. at 158-59. With respect to the defendant's conduct, the Court noted that "[i]t was within the province of the [fact-finder] to conclude that [his] conduct was an implied assertion that the object he held was a

firearm" and that the Court could not substitute its judgment for that of the fact-finder "unless no reasonable [fact-finder] could have come to this conclusion." Id. at 159.

Here, as in both Redd and Jordan, Bartley identified the object produced by appellant as a firearm. Although Bartley, unlike the complaining witness in Jordan, stated that he was not familiar with guns, our holding in Redd makes clear that no such familiarity is required for a trier of fact to credit a witness' identification of a firearm. See Redd, 29 Va. App. at 258-59. Bartley concluded that the object appellant pointed at his stomach and chest at close range was not simply a firearm, but a specific type of firearm—a Glock—based upon his observations and a comparison of those observations with a friend's Glock pistol. At trial, he was able to identify specific physical characteristics of the object he had seen in appellant's hand which led him to his conclusion. Bartley also described the sound made by the object when it hit the ground as like a "solid object" or a "block or . . . brick" being dropped. Bartley was subject to cross-examination about his identification and, like the complaining witness in Jordan, who claimed experience with firearms that Bartley did not, readily admitted that he would not know whether the object dropped by appellant was a real gun or a BB gun. The trial court was entitled to credit Bartley's identification of the object possessed by appellant as a firearm satisfying the requirements of Code § 18.2-308.2(A), and it did so. Based upon our review of the evidence, we cannot conclude that the trial court was plainly wrong to credit Bartley's identification and that, as appellant argues, that identification was unreliable.

Further, while Bartley's identification alone would be insufficient to sustain appellant's conviction for possession of a firearm by a convicted felon, we note that contrary to appellant's argument the Commonwealth's evidence did not rest solely upon Bartley's identification. Instead, as in Redd and Jordan, Bartley's identification was corroborated by appellant's conduct. When appellant and his companion attempted to steal Bartley's jewelry and other possessions,

appellant produced the object in question and, at close range, pointed it straight at Bartley's chest and stomach. While pointing the object at Bartley, appellant demanded that Bartley give appellant his wallet and phone. As in Jordan, although appellant did not explicitly threaten to kill or inflict grave bodily harm on Bartley with the object he held and pointed at him, "the act of pointing [the object]" at Bartley while directing him to comply with his commands "most assuredly communicated the message that if [Bartley] did not comply, [appellant] would shoot him." Jordan, 286 Va. at 158. As noted in Jordan, it was within the trial court's province as fact-finder to conclude that appellant's conduct "was an implied assertion that the object he held was a firearm," and the trial court did find such an assertion that "the object was a functioning weapon, being in fact the firearm that it appeared to be and possessing the power to kill." Redd, 29 Va. App. at 259. After reviewing the evidence, we conclude that the trial court was not plainly wrong in finding that appellant's conduct implied an assertion that he possessed a firearm satisfying the requirements of Code § 18.2-308.2(A).

Based upon Bartley's identification of a Glock firearm and appellant's conduct demonstrating an implied assertion that he possessed a firearm, we hold that a rational trier of fact could have found that appellant, a convicted felon, possessed a firearm when he confronted Bartley. Consequently, the trial court did not err in denying appellant's motion to set aside the verdict convicting him for possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2.

### III. CONCLUSION

Finding no error, we affirm the trial court's denial of appellant's motion to set aside the verdict.

Affirmed.