COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Frank and Humphreys


ONNIE TAYLOR, S/K/A
 ONNIE DONNELL TAYLOR
                                        OPINION BY
v.    Record No. 2757-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                       NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
                  James E. Kulp, Judge Designate

            (R. Clinton Clary, Jr.; Slayton, Bain and
            Clary, on brief), for appellant.  Appellant
            submitting on brief.

            (Mark L. Earley, Attorney General; Leah A.
            Darron, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting
            on brief.


     The trial court convicted Onnie Taylor of distributing

cocaine and possession of a firearm while distributing cocaine,

but he appeals only the possession conviction.  He contends the

evidence was insufficient to prove he possessed an operable

firearm in violation of Code § 18.2-308.4.  Concluding the

evidence was sufficient, we affirm.

     We view the evidence in the light most favorable to the

Commonwealth.  Doug Davis, an undercover police officer, twice

purchased crack cocaine from the defendant.  During the first

sale, the defendant was telling Davis about a state trooper

having stopped him when he was "dirty" and "had a couple of

thousands [sic] of dollars . . . [and] a 38 in his pocket."  As
he mentioned the .38, the defendant raised his shirt, and Davis
saw the "silver part of what appeared to be a firearm" tucked in
his waistband.

The Commonwealth had to prove Davis observed a firearm:
an object designed or intended to expel projectiles by the
discharge or explosion of gunpowder.  See Gregory v.
Commonwealth, 28 Va. App. 393, 399, 504 S.E.2d 886, 889 (1998).
The Commonwealth did that with direct evidence:  the statement
of the defendant describing the object in his waist band as a
.38 caliber pistol, and the police officer's statement that the
object looked like a firearm.  In determining whether the item
is a firearm, "the fact finder may consider the [observer's]
visual and nonvisual observations of the object, the
[observer's] knowledge of firearms, [and] the accused's
representations about the object . . . ."  Thomas v.
Commonwealth, 25 Va. App. 681, 686, 492 S.E.2d 460, 463 (1997)
(footnotes omitted).

The Commonwealth also had to prove that the firearm
functioned:  that it was capable of expelling projectiles by the
discharge or explosion of gunpowder.  See Gregory, 28 Va. App.
at 399, 504 S.E.2d at 889.  The Commonwealth did that with
circumstantial evidence, which can prove whether a particular
firearm functions.  See Thomas, 25 Va. App. at 686, 492 S.E.2d
at 463.  Circumstantial evidence "is as competent and is

-

entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984).

In Wilson v. Commonwealth, 19 Va. App. 535, 537, 452 S.E.2d 884, 885 (1995), a robbery victim saw the handle of a gun protruding from the defendant's pocket while his hand was in the pocket next to the gun. This Court held that the victim's observation and her familiarity with guns were sufficient to prove possession of a firearm. In McBride v. Commonwealth, 24 Va. App. 603, 607-08, 484 S.E.2d 165, 168 (1997) (en banc), this Court upheld a conviction of use of a firearm during the commission of a robbery where the defendant pushed an object into the victim's back and said he would shoot. In Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), the defendant displayed a "long black gun" and threatened to kill a store clerk. This Court affirmed a conviction of possession of a firearm by a felon because the threat was an implied assertion that the gun was capable of expelling a projectile, "which was corroborated by the appearance of the object and was uncontradicted by any other evidence." Id. at 259, 511 S.E.2d at 438. In Langston v. Commonwealth, 28 Va. App. 276, 287, 504 S.E.2d 380, 385 (1998), this Court ruled that the Commonwealth proved the defendant's loaded 9-mm pistol was functional when

-

the defendant said he carried it for protection and a police officer testified that it seemed to be in working order.

In each case, the circumstances surrounding the appearance of the firearm provided sufficient evidence to permit an inference that the firearm would function. The context in which the object appeared gave meaning and definition to the witness' observation and completed the portrayal. Once the Commonwealth proved possession of an object manufactured for the purpose of expelling a projectile by explosion under circumstances that reasonably permitted the inference it functioned, the fact finder could infer, absent any evidence to the contrary, that the firearm was capable of functioning, of performing its intended purpose.

The facts of this case permitted the inference the weapon functioned. During a drug sale, the defendant told a story of being stopped by a state trooper when he possessed a pistol and was "dirty." As he told of the gun, he displayed the handle of a pistol concealed under his shirt. Given the context of the events, a reasonable person could infer the gun was real. The only reasonable hypothesis flowing from this evidence was that the defendant possessed an actual firearm. There was no evidence to suggest the weapon did not function. It would be unreasonable to conclude in this situation the defendant talked about, carried, and displayed something that looked like a gun but could not function as one.

-

At trial, the defendant denied possessing "a silver 38" and denied ever being with the undercover police officer, Davis. The fact finder did not believe his testimony and was then entitled to conclude the defendant lied to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

The evidence was sufficient to prove the defendant possessed an operable firearm while distributing cocaine. Accordingly, we affirm the conviction.

Affirmed.

-