COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Coleman
Argued by teleconference


ERIC CHRISTOPHER MOSS

                                   MEMORANDUM OPINION[*] BY
v.   Record No. 1320-02-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AMHERST COUNTY
                  J. Michael Gamble, Judge

            B. Leigh Drewry, Jr. (Cunningham & Drewry, on
            brief), for appellant.

            Margaret W. Reed, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Eric Christopher Moss (appellant) appeals from a judgment of

the trial court revoking one year of his previously suspended

sentence.  The sole issue raised on appeal is whether the evidence

established his identity at the revocation hearing.  Finding no

error, we affirm.

                        I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On April 12, 1994 appellant was found guilty of robbery, attempted robbery and two counts of felonious use of a firearm. He was sentenced to 28 years with 20 years suspended and placed on supervised probation for five years from the date of his release. On July 12, 1999 appellant violated the terms of his probation and the trial court revoked 4 years of the previously suspended sentences and re-suspended 16 years with ten years supervised probation from his date of release from confinement.

On February 26, 2001, appellant was placed on Home Electric Monitoring (HEM) because of his poor compliance with the conditions of his probation. He was told that if he "deliberately damaged, forcibly removed or absconded with the HEM transmitter and tether, . . . [it] would be a felony offense . . . ." Appellant absconded, and the theft of the HEM transmitter was the basis for the grand larceny conviction that triggered the instant revocation proceeding.

On March 25, 2002, appellant appeared in person with counsel before the Circuit Court of the City of Lynchburg and pled guilty to grand larceny, in violation of Code § 18.2-95 and was sentenced to 5 years incarceration. Further "[t]he Court [suspended] 4 years of the aforesaid sentence, leaving 1 year of active time, and . . . order[ed] that 6 months of that active time . . . run concurrently with the time the [appellant] serves on his parole violation." Appellant also received an additional 18 months of supervised probation upon his release.

The Commonwealth requested issuance of a Rule to Show Cause based on the new grand larceny conviction and the Rule issued on March 30, 2002. Appellant was personally served on April 4, 2002

-

by the sheriff's department at the Blue Ridge Regional Jail in Lynchburg where he was incarcerated on the grand larceny conviction.

On April 11, 2002, appellant appeared before the trial judge[1] in the Circuit Court for the County of Amherst to appoint counsel for his revocation hearing.  The following colloquy occurred:

> THE COURT:  You're Mr. Moss, is that right?
>
> [APPELLANT]:  Yes, sir.
>
>    \*    \*    \*    \*    \*    \*    \*
>
> THE COURT:  Okay, I'm going to reappoint Mr. Drewry and I'm going to set this hearing on May 6th at two in the afternoon.
>
> [APPELLANT]:  Okay.
>
> THE COURT:  And I'll let him know that you are going to be over at the Blue Ridge Regional jail and he'll come over there and talk to you.
>
> [APPELLANT]:  Okay.

---

[1] Judge Gamble presided at the hearing on April 11, 2002 and the hearing on May 6, 2002.

-

He appointed counsel and issued a transportation order to bring appellant to court in Amherst for the hearing on May 6, 2002.

At the revocation hearing on May 6, 2002, the trial judge stated: "I have the motion to revoke the suspended sentence of Mr. Moss. . . . Is the defendant ready?" Counsel for appellant stated, "Yes, Your Honor." The Commonwealth's sole witness was probation officer Brian Loomis. The Commonwealth asked Loomis: "The gentleman over here in the orange suit is Mr. Moss, the defendant?" Loomis replied: "I believe that to be him." Loomis later qualified his answer by stating that he only knew of the defendant by the information provided in the probation violation notice.

It was undisputed that the facts proved a probation violation; however, appellant moved to strike the evidence as to proof of a violation on the ground that the Commonwealth failed to identify him as the probationer. The trial judge overruled appellant's motion stating "that's going to be an affirmative defense." Appellant presented no evidence, and the trial court found him in violation of the conditions of his probation. The trial court revoked a year of the previously suspended time to be served consecutively to any other sentence imposed.

## II.  ANALYSIS

Appellant contends that the trial court erred in denying his motion to strike because appellant was never adequately identified as Eric Christopher Moss. We disagree.

"Both the United States Supreme Court and [the Virginia Supreme] Court have previously indicated probation revocation hearings are not a stage of criminal prosecution and therefore a

-

probationer is not entitled to the same due process protections affilrded a defendant in a criminal prosecution." Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991).

"Specifically, the United States Supreme Court has stated that in revocation hearings formal procedures and rules of evidence are not employed, and that the process of revocation hearings should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." Id. at 84, 402 S.E.2d at 686 (internal quotations and citations omitted).

"A probation violation is not itself a criminal conviction. It is, however, a continuation and part of the sentencing process imposed for a criminal conviction . . . ." Merritt v. Commonwealth, 32 Va. App. 506, 509, 528 S.E.2d 743, 744 (2000).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Taylor v. Commonwealth, 33 Va. App. 735, 737, 536 S.E.2d 922, 923 (2000) (internal quotations omitted).

Each piece of circumstantial evidence is not viewed separately. "'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d

-

808, 818 (1979) (quoting <u>Karnes v. Commonwealth</u>, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))).

The Commonwealth concedes that it must prove the identity of the probationer. However, they argue, and we agree, that this fact, like any other, may be proved using circumstantial evidence. We hold that the evidence in the record when considered as a whole, supports the trial court's finding that the Commonwealth sufficiently identified appellant as the probationer.

Appellant accepted service of the Rule to Show Cause when he was incarcerated on the underlying grand larceny charge. He was transported from the Blue Ridge Regional Jail to the Amherst County Circuit Court and appeared before the same trial judge for both hearings in this case. The trial judge was familiar with appellant who admitted to being Eric Christopher Moss at the first hearing. The trial judge authorized the transportation order to bring Eric Christopher Moss who appeared at the April 11, 2002 hearing to the May 6, 2002 hearing. The sheriff's office produced appellant pursuant to that order. In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties. <u>Smith v. Commonwealth</u>, 219 Va. 554, 559, 248 S.E.2d 805, 808 (1978). Thus, the circumstantial evidence even without the direct identification by the probation officer established appellant's identity. The circumstantial evidence

-

is unrebutted and supports the trial court's determination that appellant was sufficiently identified as the person charged with the probation violation.[2]

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[2] Appellant argues that the trial court erroneously required him to affirmatively prove he was not the probationer. However, we do not reach this issue as the unrebutted evidence sufficiently supported the trial court's finding.

-