ELDER, J.,
dissenting.
The majority holds Jordan’s act of pointing an object appearing to be a firearm at Matthew Arrowood’s head is sufficient evidence to support the jury’s finding that the object “was designed, made, and intended to expel a projectile by means of explosion.” Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002). Because I believe this ruling effectively nullifies the distinction the Supreme Court has drawn between the definition of a firearm under Code § 18.2-53.1 (which prohibits the use or display of a firearm in the commission of certain specific felonies) and the definition of a firearm under Code § 18.2-308.2 (which prohibits convicted felons from “knowingly and intentionally possessing] or transporting] any firearm or ammunition for a firearm”), I respectfully dissent.
“[I]n order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion.” Armstrong, 263 Va. at 584, 562 S.E.2d at 145. This differs from the definition of a “firearm” for purposes of Code § 18.2-53.1. As the Supreme Court has explained, “[t]he purpose of Code § 18.2-53.1 ... is to deter violent criminal conduct.” Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980). That Code section “not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm.” Id. (emphasis added). A victim can be put in fear of physical harm “just as readily from employment of an instrument that *682 gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile.” Id. Thus, a “firearm” for purposes of Code § 18.2-58.1 includes “an instrument which [gives] the appearance of having a firing capability, whether or not the object actually ha[s] the capacity to propel a bullet by the force of gunpowder.” Id. at 199, 269 S.E.2d at 858 (emphasis added); see Thomas v. Commonwealth, 25 Va.App. 681, 687, 492 S.E.2d 460, 463 (1997) (holding that the BB pistol used by the defendant to commit a robbery was a “firearm” under Code § 18.2-53.1 because the evidence supported the conclusion that it was an instrument that gave the appearance of having a firing capability and not merely a “toy pistol”). “Code § 18.2-53.1 encompasses a broader definition” of a firearm to “include[ ] any instrument that ‘gives the appearance of being a firearm.’ ” Startin v. Commonwealth, 281 Va. 374, 382, 706 S.E.2d 873, 878 (2011) (quoting Armstrong, 263 Va. at 582, 562 S.E.2d at 144).
By contrast, “[t]he definition is more narrowly construed under the possession statute, Code § 18.2-308.2.” Id. at 381, 706 S.E.2d at 878. A firearm for purposes of Code § 18.2-308.2 must be “an instrument which was designed, made, and intended to expel a projectile by means of an explosion.” Armstrong, 263 Va. at 584, 562 S.E.2d at 145. Indeed, “the conduct proscribed by Code § 18.2-308.2, being a felon in possession of a firearm, focuses on the General Assembly’s determination that certain individuals—felons—are unfit to possess firearms, even for lawful purposes.” Id. at 582, 562 S.E.2d at 144. “[T]he legislative intent underlying Code § 18.2-308.2 is not directed toward proscribing ‘criminal conduct that produces fear of physical harm’ to an individual victim.” Id. at 582-83, 562 S.E.2d at 144 (quoting Holloman, 221 Va. at 198, 269 S.E.2d at 358).
With these principles in mind, I believe the majority places too much emphasis on Arrowood’s testimony describing the instrument Jordan used while ordering him out of the vehicle. Although Arrowood was able to identify the model of the “firearm” and gave a detailed description of the instrument, no *683 other account of this object exists in the record. Therefore, the record contains, at most, evidence that the object used during the commission of the crimes appeared to have firing capability. As the Supreme Court has made very clear, Code § 18.2-308.2 “has no element of perception by a victim that would warrant applying the same broad construction to the term ‘firearm’ in that statute as is applicable to the same term in Code § 18.2-53.1.” Id. at 583, 562 S.E.2d at 144. By focusing on Arrowood’s detailed observation of the instrument, the majority ignores the reasonable hypothesis that Jordan used a replica that lacked the capability to expel a projectile.[2]
In addition, the majority looks to Jordan’s “manner of ‘display’ ” of the object as “highly probative” evidence that the instrument in Jordan’s possession had the capability to expel a *684 projectile by means of an explosion. I concur that in some circumstances, the record can sufficiently support a conviction under Code § 18.2-308.2 if additional circumstantial evidence corroborates an eyewitness description of an instrument as an object appearing to be designed, made, and intended to expel a projectile by means of an explosion. See Taylor v. Commonwealth, 33 Va.App. 735, 737, 536 S.E.2d 922, 922-23 (2000) (relying on circumstantial evidence to “prove whether a particular firearm functions” in the context of possession of a firearm while in possession of certain contraband in violation of Code § 18.2-308.4). Such circumstantial evidence may include “the trial court’s examination of the gun, ammunition magazine, and bullets at trial,” Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); the observations of the officers who seized the firearm and determined that it was loaded, see id. at 175, 670 S.E.2d at 729; and the defendant’s “implied assertion that the object was a functioning weapon,” Redd v. Commonwealth, 29 Va.App. 256, 259, 511 S.E.2d 436, 438 (1999).
In Redd, the defendant, a previously convicted felon, entered a convenience store and placed a “long, black gun” on the counter. 29 Va.App. at 258, 511 S.E.2d at 437. She ordered the store clerk to give her all the money from the register and warned the clerk that she “would kill her if she set off the silent alarm.” Id. We held that the testimony of a victim that a convicted felon brandished a firearm is insufficient, standing alone, to support a conviction for violating Code § 18.2-308.2. However, we also held that the defendant’s threat to kill the clerk constituted an implied assertion that the object was a functioning weapon in the absence of evidence to the contrary. Id. at 259, 511 S.E.2d at 438.
Similarly in Taylor, the defendant was conversing with an undercover police officer while conducting a drug transaction. During the transaction, the defendant told the officer about a state trooper having stopped him when he was “dirty” and “had a couple of thousands [sic] of dollars ... [and] a 38 in his pocket.” Taylor, 33 Va.App. at 737, 536 S.E.2d at 922. As the defendant mentioned the .38, he raised his shirt, and the *685 undercover officer saw the “silver part of what appeared to be a firearm” tucked in his waistband. Id. We held that “[g]iven the context of the events, a reasonable person could infer the gun was real” because “[i]t would be unreasonable to conclude in this situation the defendant talked about, carried, and displayed something that looked like a gun but could not function as one.”[3] Id. at 738-39, 536 S.E.2d at 923.
The majority extends Redd and Taylor to hold that the act of displaying an apparent firearm constitutes an “implied assertion” sufficient to prove that the object was “an instrument ... designed, made, and intended to expel a projectile by means of an explosion.” Armstrong, 263 Va. at 584, 562 S.E.2d at 145. What the majority fails to consider is that pointing an object at a victim in a threatening manner may be intended solely to instill fear in a victim just as much as it is an expression of the object’s operability as a firearm. Unlike the defendant in Redd, Jordan made no direct threat to harm or kill Arrowood if he failed to comply with Jordan’s demand to get out of the vehicle.[4] And unlike the defendant in Taylor, Jordan did not make additional statements or engage in additional actions implying that his apparent firearm functioned as one. I believe the majority makes the logical progression that pointing an object directly at a victim’s head has the same effect as saying the words, “or I will shoot you,” but it is a step too far. The evidence does not exclude the reasonable hypothesis of innocence that Jordan merely brandished an object appearing to be a functioning weapon. It is axiomatic that when the Commonwealth relies on circumstan *686 tial evidence, “all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.” Cordon v. Commonwealth, 280 Va. 691, 694, 701 S.E.2d 803, 805 (2010).
The majority’s holding that the testimony in this case is sufficient to prove the object in Jordan’s possession during the carjacking was designed to expel a projectile for purposes of Code § 18.2-308.2 effectively nullifies the distinction the Supreme Court has drawn between the definition of a firearm under Code § 18.2-53.1 and the definition of a firearm under Code § 18.2-308.2. Evidence that demonstrates merely that an object appeared to observers to be an operable firearm shows nothing more than that the object meets the broad definition of a firearm under Code § 18.2-53.1. Consequently, I believe the evidence fails to show that the object meets the narrower definition of a firearm under Code § 18.2-308.2.

. In Startin, the defendant displayed a "replica [that] ha[d] the same size, weight and shape of an operational firearm designed to expel .45 caliber ammunition by explosion" during the commission of a robbery. 281 Va. at 377, 706 S.E.2d at 876. Although the replica was sufficient to support the defendant's conviction under Code § 18.2-53.1, the Supreme Court noted that "the replica at issue here ... would be [insufficient to convict a person under Code § 18.2-308.2 for possession of a firearm by a convicted felon because [it was] not 'designed, made, and intended to fire or expel a projectile by means of an explosion.’ ” Id. at 382, 706 S.E.2d at 878 (quoting Armstrong, 263 Va. at 583, 562 S.E.2d at 145).
Similarly in Copeland v. Commonwealth, 52 Va.App. 529, 664 S.E.2d 528 (2008), the defendant was convicted under Code § 18.2-308.2(A). However, a certificate of analysis was issued after the defendant’s conviction became final that proved beyond a doubt that the instrument did not meet the definition of a "firearm” under that subsection because it was not designed, made, and intended to expel a projectile by means of an explosion. Id. at 531, 664 S.E.2d at 529. We therefore granted the defendant’s petition for writ of actual innocence and vacated his conviction.
The common thread between these two cases underscores my qualm with the majority’s holding. No matter how certain the outward description of the instrument, the Commonwealth must still provide additional evidence that supports a finding that the instrument was in fact designed, made, and intended to expel a projectile by means of an explosion. The fact that an object appearing to be a firearm is brandished to effectuate a robbery does not exclude the reasonable hypothesis that the object was not designed and made as an operable firearm. Accord Lynn Considine Cobb, Annotation, Robbery by Means of Toy or Simulated Gun or Pistol, 81 A.L.R.3d 1006 (2012).

. The link between drug transactions and firearms is well recognized. See, e.g., Bolden v. Commonwealth, 275 Va. 144, 654 S.E.2d 584 (2008); McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001); Scott v. Commonwealth, 55 Va.App. 166, 684 S.E.2d 833 (2009).

. I recognize that the Supreme Court in Armstrong did not overrule our decision in Redd., and, thus, that Redd remains binding precedent. However, when viewed in light of the Supreme Court’s discussion of the differing policy objectives of Code §§ 18.2-53.1 and 18.2-308.2, I believe Redd defines the outer limit of what kind of circumstantial evidence is sufficient to support a finding that the object used was a "firearm” under Code § 18.2-308.2.