COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


ANDRE SMALLS

MEMORANDUM OPINION[*] BY
v.      Record No. 0392-16-1          JUDGE MARY GRACE O'BRIEN
                                      JANUARY 31, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Charles E. Haden for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial, Andre Smalls ("appellant") was convicted of possession of heroin

with intent to distribute, in violation of Code § 18.2-248, and possession of a firearm while in

possession of heroin, in violation of Code § 18.2-308.4.  Appellant asserts the following assignment

of error:

> The trial court erred in denying Smalls' motion to strike the charge of
> possession of a firearm while simultaneously possessing a controlled
> substance with intent to distribute, where the Commonwealth's
> evidence failed to establish that Smalls was in possession of a
> working firearm or that the possession of the firearm was while in
> possession of heroin held with intent to distribute, i.e., that there was
> a nexus between Smalls' possession of the controlled substance and
> his possession of a firearm.

I.  BACKGROUND

On February 10, 2014, members of the Peninsula Narcotics Enforcement Task Force were

conducting surveillance on the residence of a known heroin dealer in Hampton.  Special Agent Pete

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Gallaccio testified that at approximately 11:00 p.m., he observed a black Cadillac pull into the driveway. The driver, later identified as appellant, entered the house and remained inside for about thirty minutes. Agent Gallaccio determined that the vehicle was registered to appellant.

When appellant returned to his vehicle, Agent Gallaccio and members of the surveillance team followed him as he drove away. Eventually, they conducted a traffic stop. During the stop, a Hampton police officer arrived at the scene with his drug sniffing dog. The dog alerted the officer to the potential presence of narcotics in the vehicle. Agent Gallaccio and Agent Edward Jones searched the car and recovered approximately five thousand dollars and a clear plastic bag containing marijuana residue. They also found a utility bill for an apartment located on Tide Mill Lane, twenty yards from the stop, but appellant claimed that he did not reside there.

The agents searched appellant and discovered seven grams of heroin, two grams of marijuana, and three thousand dollars. Appellant also had a set of keys in his pocket. After the police determined that the keys fit the lock of the Tide Mill Lane apartment, appellant admitted to Agent Jones that he lived at the residence. Appellant initially told the officers that the drugs they found were "all [he] had." However, when he acknowledged that he lived at the residence he also told them "I don't have anything in there but a gun in a drawer in my bedroom and in the closet near the dining room a set of scales and some cut."

The officers executed a search warrant at the residence. They discovered digital scales, empty glassine baggies and capsules, a spoon with heroin residue on it, and a cutting agent in a hallway closet. Agent Jones also seized a loaded .38 caliber Smith and Wesson pistol from a drawer in the master bedroom nightstand. He testified that the weapon was a "real gun" and not a replica. As the officers were leaving the residence, appellant told them, "[s]ee? I told you all I had was a gun and some scales, right?"

At the conclusion of the Commonwealth's case, appellant made a motion to strike that was denied. He did not produce any evidence and renewed his motion to strike. The court once again denied the motion and found appellant guilty of both offenses.

## II. ANALYSIS

Appellant contends that the court erred by denying the motion to strike for three reasons: (1) the evidence was insufficient to establish that the firearm was operable, (2) the Commonwealth did not establish a nexus between appellant's possession of heroin and his possession of the firearm, and (3) the evidence did not establish that appellant constructively possessed the firearm. Finding no error, we affirm appellant's convictions.

### A. Standard of Review

When the sufficiency of the evidence to support a conviction is challenged on appeal, we must view the evidence in the light most favorable to the Commonwealth, the prevailing party at trial. See Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). The issue is "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). "Therefore, under this highly deferential standard of review on appeal, '[t]he judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is "plainly wrong or without evidence to support it."'" Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 139 (2011) (quoting Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005)).

B. Operability of the Firearm

Code § 18.2-308.4(C) provides that

> [i]t shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm . . . while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a controlled substance classified in Schedule I or Schedule II of the Drug Control Act.

Appellant contends that the Commonwealth was required to produce a certificate of analysis to establish that the firearm recovered from his nightstand was "an actual weapon capable of firing projectiles" and was operable. We disagree.

Although the statute does not define the term "firearm," we have held that under Code § 18.2-308.4, a firearm is "an object designed or intended to expel projectiles by the discharge or explosion of gunpowder." Taylor v. Commonwealth, 33 Va. App. 735, 737, 536 S.E.2d 922, 922 (2000). However, this Court has specifically rejected the proposed element of operability that appellant attempts to add to the statute. See Armstrong v. Commonwealth, 36 Va. App. 312, 322, 549 S.E.2d 641, 646 (2001) (*en banc*). In Armstrong, the Court considered whether the Commonwealth was required to prove operability to establish that an object is a firearm under Code § 18.2-308.2, which prevents convicted felons from possessing firearms. Id. at 313, 549 S.E.2d at 641-42. We held that the statute did not set forth an operability requirement; it merely prohibited felons from "possess[ing] *any* firearm." Id. at 321, 549 S.E.2d at 645. "Had the legislature wished to draw a distinction between operable and inoperable firearms, it would have done so with clear and distinct language." Id. Similarly, in Code § 18.2-308.4, the General Assembly did not distinguish between firearms that are capable of firing, and those that are incapable of firing. Accordingly, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581,

- 4 -

562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Additionally, appellant made the following statement to Agent Jones: "I don't have anything . . . but a gun in a drawer in my bedroom." Appellant's assertion that he had a gun in his bedroom was competent evidence to establish that the item found in the drawer was a functioning firearm. See Taylor, 33 Va. App. at 737, 536 S.E.2d at 922 (Commonwealth proved possession of firearm when evidence showed that defendant referred to having "a 38 in his pocket" and raised his shirt above his waist and displayed the "silver part of what appeared to be a firearm" to an undercover police officer). Agent Jones also testified that based on his twenty years of law enforcement experience and his knowledge of firearms, he concluded that the loaded pistol he found in appellant's nightstand was a "real gun," not a replica. Therefore, while operability is not a required element of the offense, the evidence was sufficient to establish that this particular gun was a functioning firearm.

### C. Nexus Between the Firearm and the Drugs

Appellant contends that the Commonwealth failed to prove simultaneous possession of the firearm in his nightstand drawer and the drugs found in his possession. He asserts that a conviction under Code § 18.2-308.4 "implicitly . . . require[s] proof of a nexus between the firearm and the drugs." We disagree.

This precise issue was addressed in Wright v. Commonwealth, 278 Va. 754, 685 S.E.2d 655 (2009). In Wright, the defendant was arrested for possession with the intent to distribute cocaine. Id. at 757, 685 S.E.2d at 656. He advised the police officers that he had a gun and additional cocaine at his house located approximately five miles away. Id. at 756-57, 685 S.E.2d at 656. The defendant was convicted of possessing a firearm while possessing cocaine with intent to distribute, in violation of Code § 18.2-308.4. Id. at 757, 685 S.E.2d at 656. The Supreme Court rejected

appellant's argument that "the statute requires proof of a nexus between the firearm and the drugs that the defendant actually or constructively possesses." Id. at 760, 685 S.E.2d at 658 (quoting Wright v. Commonwealth, 53 Va. App. 266, 282, 670 S.E.2d 772, 780 (2009)). The Court ruled that the Commonwealth was not required to prove "that the firearm is in some way being used in conjunction with the unlawful drug activity or to further such activity," and held that "[i]n the absence of any statutory language supporting the requirement of a 'nexus' between the possession of the firearm and the illegal activity, we cannot impose such a requirement in prosecutions under this Code section." Id. at 760-61, 685 S.E.2d at 658. Therefore, in this case, because the statute does not require proof of a nexus between the firearm and the drugs, the court did not err in finding appellant guilty of violating Code § 18.2-308.4.

## D. Constructive Possession of the Firearm

Finally, appellant asserts that the court erred by finding the evidence sufficient to establish that he had constructive possession of the recovered firearm. He argues for the first time on appeal that a third party might have placed the weapon in his bedroom nightstand without his knowledge. At trial, appellant moved to strike the evidence based on the Commonwealth's failure to establish that the item found in the drawer of the nightstand was an operable firearm and the Commonwealth's failure to show a nexus between the gun and the distribution of narcotics. He did not raise the issue of actual or constructive possession of the weapon.

Therefore, appellant's argument is procedurally defaulted. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby

preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 231 (2015).

Further, Rule 5A:18 requires that the objection be stated with specificity. "A party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court and rely upon other grounds in the appellate court. He is regarded as having waived all other objections to the evidence except those which he pointed out specifically." Branch v. Commonwealth, 225 Va. 91, 96, 300 S.E.2d 758, 760 (1983) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 650-51, 20 S.E.2d 489, 492 (1942)). Because appellant's motion to strike was based solely on his claim that the gun must be operable and a nexus must exist between possession of the narcotics and possession of the weapon, we will not consider his contention that the Commonwealth did not prove constructive possession of the weapon.

For the above reasons, the ruling of the trial court is affirmed.

Affirmed.