HUMPHREYS, Judge.
Damon Phineas Jordan (Jordan) challenges his conviction following a jury trial for possession of a firearm by a convicted felon in violation of Code § 18.2-308.2.[1] Jordan argues the evidence is insufficient to support a finding that the instrument he possessed was a “firearm” within the meaning of Code § 18.2-308.2. Because the evidence is sufficient to sup *677 port Jordan’s conviction for possession of a firearm by a convicted felon, we affirm the judgment of the trial court.
I.
BACKGROUND
“On appeal, ‘we re-view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.’ ” Archer v. Commonwealth, 26 Va.App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence establishes that on the evening of June 28, 2009, thirteen-year-old Matthew Arrowood drove his father to a 7-Eleven and parked in front of the store. His father exited the vehicle and entered the store, at which time Jordan approached the driver’s side window of the truck and began asking Arrowood questions. When Arrowood refused to respond, Jordan pointed an object appearing to be a firearm at Arrowood’s temple, ordered Arrowood out of the truck, entered the vehicle, and drove away. Arrowood gave the police a description of Jordan and identified him as the assailant when the police arrested him. When the police apprehended Jordan, they did not recover a firearm or any object resembling a firearm.
At Jordan’s trial, Arrowood testified that the incident lasted between thirty to sixty seconds, Jordan was six inches to a foot away, and Arrowood had five seconds to look at the gun through the mirror as Jordan approached. Arrowood testified as follows on direct examination:
[Arrowood:] [Jordan] pointed a gun at me and told me to get out of the truck.
[Commonwealth:] Could you describe the gun that he pointed at you?
[Arrowood:] Like a small pistol. It was silver.
Arrowood also testified on direct and redirect examination that he was familiar with guns and had fired handguns before and that the instrument Jordan pointed at his head looked to *678 him like a “semi-automatic pistol,” possibly a “Raven.” After Jordan pointed the gun at Arrowood’s head, he said, “Get out of the truck.” Arrowood acknowledged that he exited the truck and fled because Jordan was pointing a “Raven semiautomatic” pistol at him. When asked by the Commonwealth on redirect examination whether the instrument “look[ed] like a toy gun,” Arrowood responded, “A really detailed toy gun if it was.”
The Commonwealth entered into evidence without objection a certified copy of a prior felony conviction for Jordan. Jordan moved to strike the evidence on the firearm charge, which motion the trial court denied. At the conclusion of all the evidence, the jury found Jordan guilty of possession of a firearm by a convicted felon. This appeal follows.
II.
ANALYSIS
“When considering a challenge to the sufficiency of the evidence to sustain a conviction, [an appellate court] reviews ‘the evidence in the light most favorable to the prevailing party at trial and consider^] all inferences fairly deducible from that evidence.’ ” Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)). Where there is a conflict in the evidence, this standard of review requires us to resolve that conflict in favor of the Commonwealth, Rodgers v. Commonwealth, 227 Va. 605, 614, 318 S.E.2d 298, 303 (1984), and we “will not set aside the factual findings of the trial court unless those findings are ‘plainly wrong or without supporting evidence,’ ” Williams v. Commonwealth, 52 Va.App. 194, 197, 662 S.E.2d 627, 628-29 (2008) (quoting Foster v. Commonwealth, 38 Va.App. 549, 554, 567 S.E.2d 547, 549 (2002)). Further, the jury, “who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from *679 proven facts.” Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).
Code § 18.2-308.2(A) prohibits a convicted felon from “knowingly and intentionally possessing] or transporting] any firearm or ammunition for a firearm.” For the purposes of Code § 18.2-308.2, a firearm must be “an instrument which was designed, made, and intended to expel a projectile by means of an explosion.” Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002). “It is not necessary that the Commonwealth prove the instrument was ‘operable,’ ‘capable’ of being fired, or had the ‘actual capacity to do serious harm.’ ” Id.
Taking the evidence in the light most favorable to the Commonwealth, the fact found by the jury is that what Jordan pointed at Arrowood was a firearm as defined by Armstrong and this fact is supported by evidence in the record. The jury was properly instructed on the law and obviously credited Arrowood’s testimony that supports the fact that what Jordan possessed and used in a carjacking was a firearm.
Furthermore, Arrowood’s testimony that he was familiar with firearms and recognized the object Jordan possessed as such is not the only evidence that what Jordan displayed was a firearm designed to expel a projectile. This Court reviews “the totality of the evidence to determine whether it was sufficient to prove an offense.” Bowling v. Commonwealth, 51 Va.App. 102, 107, 654 S.E.2d 354, 356 (2007). Arrowood’s testimony describing the gun in some detail was corroborated by, and must be coupled with, Jordan’s actions in pointing it at Arrowood’s head while concurrently demanding that he get out of the truck. The jury could have fairly drawn an entirely reasonable inference from this evidence that the object Jordan held that appeared to be a firearm functioned as such. See Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010) (An appellate court’s deference to the fact-finder “applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved.”).
*680 In Redd v. Commonwealth, 29 Va.App. 256, 259, 511 S.E.2d 436, 438 (1999), the defendant’s implied assertion that the object functioned as a weapon corroborated the victim’s description that the object was a gun and this evidence was sufficient to support a conviction for possession of a firearm by a convicted felon. In Redd, the appellant entered a convenience store, placed a “long black gun” on the counter, and ordered the clerk to give her all the money from the register. Id. at 258, 511 S.E.2d at 437. Redd added that she would kill the clerk if she set off the alarm and told her not to call the police. Id. The clerk’s only testimony about the instrument displayed was, “ T just know it was a long black gun. I am not familiar with guns.’ ” Id. There is no substantial difference between the evidence found sufficient in Redd and that reflected in this record. While Redd involved the appellant’s express statement that she would kill the victim if she set off the alarm, id., Redd does not stand for the proposition that evidence that an object is an operable firearm cannot be established by the totality of the evidence, including circumstantial evidence.
The issue before us is whether what Jordan, concededly a convicted felon, “possessed” was, in fact, a firearm designed to operate as such, and the manner of “display” in this case is highly probative on that point. Jordan did not casually wave the instrument around in the air without purpose, but rather pointed it directly at Arrowood’s head and concurrently demanded that he part with possession of the vehicle. Even without actually saying the words, “or I will shoot you,” a reasonable fact-finder could have certainly concluded that Jordan’s words and actions implied as much and that what he pointed at Arrowood was a firearm and not a replica or a toy as suggested by the dissent. The totality of the evidence in the light most favorable to the Commonwealth as the party that prevailed below is that what Arrowood recognized as a “small,” “silver,” “semi-automatic pistol,” “possibly a Raven” was pointed at his temple and when coupled with Jordan’s words and actions supported Arrowood’s conclusion that a gun and not a toy was pointed at his head. These facts provide *681 ample evidence to support the jury’s verdict. We hold that the evidence was sufficient for the jury to conclude that the object Jordan displayed was intended to expel a projectile by means of an explosion, and we affirm the judgment in this case.

Affirmed.

. Appellant’s convictions of carjacking, use of a firearm in the commission of a felony, and eluding police are not before us on this appeal.