PRESENT:  All the Justices

DAMON PHINEAS JORDAN
                                        OPINION BY
v. Record No. 121835          JUSTICE DONALD W. LEMONS
                                   September 12, 2013
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the Court of Appeals of

Virginia ("Court of Appeals") erred in holding that the evidence

was sufficient to support the conviction of Damon Phineas Jordan

("Jordan") for possession of a firearm by a convicted felon in

violation of Code § 18.2-308.2.

                    I.  Facts and Proceedings

     Jordan was tried by a jury in the Circuit Court of the City

of Virginia Beach ("trial court") upon indictments charging

carjacking, use of a firearm in the commission of a felony,

eluding police, and possession of a firearm by a convicted

felon.  At trial, Matthew Arrowood ("Arrowood") testified that

he drove his father to a neighborhood convenience store in

Virginia Beach at approximately 11:00 p.m. on June 28, 2009, and

parked in front of the store.  Arrowood was thirteen years old

on the night in question.  While Arrowood's father was inside,

Jordan approached the driver's side window and began asking

Arrowood questions about how old he was, how long he had been

driving, and where he lived.  Arrowood testified that when he

did not respond, Jordan pointed "a gun" at his head and told him to get out of the truck.

Arrowood testified that the object Jordan pointed at him was a small silver pistol. Arrowood stated that he was familiar with handguns because his father was in the military, and that this appeared to be a silver semiautomatic pistol. Arrowood identified it as a "Raven," a particular type of small pistol with which he was familiar. Arrowood admitted on cross-examination that he could not say for certain that the object was not a toy gun. On re-direct he was asked, "Did it look like a toy gun to you?" and he responded, "[a] really detailed [one] if it was."

Arrowood testified that after Jordan pointed the gun at his head, he got out of the truck and ran behind the convenience store. Jordan got in the truck and drove away. Arrowood then ran inside the store, and he and his father contacted police. Jordan was apprehended by police shortly thereafter, but no weapon was recovered.

Jordan was convicted of carjacking, use of a firearm in the commission of a felony, eluding police, and possession of a firearm by a convicted felon. The only conviction at issue in this appeal is possession of a firearm by a convicted felon. Jordan concedes that he is a convicted felon.

The Court of Appeals granted Jordan's petition for appeal, and in a published opinion, with one judge dissenting, held that the evidence was sufficient to support the conviction. Jordan v. Commonwealth, 60 Va. App. 675, 731 S.E.2d 622 (2012). The Court of Appeals held that Arrowood's testimony describing the weapon, coupled with Jordan's actions in pointing it at Arrowood's head while demanding that he get out of the truck, was sufficient to prove that the object Jordan was holding was a firearm. Id. at 680-81, 731 S.E.2d at 624.

Jordan filed a petition for appeal with this Court, and we awarded him an appeal on the following assignment of error:

> The trial court and the Court of Appeals erred in holding that the evidence was sufficient to support appellant's conviction for possession of the firearm by a convicted felon because there was no evidence showing that appellant possessed an actual firearm and not an instrument of similar appearance.

## II.  Analysis

### A.  Standard of Review

We apply a de novo standard of review when addressing a question of statutory construction. Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007). When considering the sufficiency of the evidence to sustain a conviction, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, granting it all reasonable inferences fairly deducible therefrom. Dowden v. Commonwealth,

3

260 Va. 459, 461, 536 S.E.2d 437, 438 (2000).  The Court will only reverse the judgment of the trial court if the judgment is plainly wrong or without evidence to support it.  Startin v. Commonwealth, 281 Va. 374, 379, 706 S.E.2d 873, 876 (2011).  If the evidence is sufficient to support the conviction, the reviewing court is not permitted to substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the trier of fact.  Id. at 379, 706 S.E.2d at 876-77.

### B.  Possession of a Firearm

Code § 18.2-308.2 prohibits the possession of firearms by convicted felons.  Subsection (A) states that

> [i]t shall be unlawful for (i) any person who has been convicted of a felony ... to knowingly and intentionally possess or transport any firearm or ammunition for a firearm, any stun weapon as defined by § 18.2-308.1, or any explosive material, or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308.

Code § 18.2-308.2 provides no express definition of the term "firearm."  However, in Armstrong v. Commonwealth, 263 Va. 573, 562 S.E.2d 139 (2002), we held that the term "firearm" under Code § 18.2-308.2 means "any instrument designed, made, and intended to fire or expel a projectile by means of an explosion."  Id. at 583, 562 S.E.2d at 145.  We explicitly

4

rejected within that definition any element of present capacity or operability.  Id. at 583-84, 562 S.E.2d at 145.

In Startin, we further clarified that definition by explaining that a replica gun and a BB gun would not be sufficient to convict a person under Code § 18.2-308.2 for possession of a firearm by a convicted felon because those items were not "designed, made, and intended to fire or expel a projectile by means of an explosion."  281 Va. at 382, 706 S.E.2d at 878 (internal quotation marks and citation omitted).

In Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), the defendant entered a convenience store and placed what appeared to be a "long, black gun" on the counter, and ordered the clerk to give her all the money from the register. Id. at 258, 511 S.E.2d at 437.  Redd stated that she would kill the clerk if an alarm were activated.  Id.  In Redd, the Court of Appeals held that the defendant's threat to kill the clerk was an implied assertion that the object she held was a firearm. When coupled with the clerk's description of the object, the evidence was sufficient to sustain the defendant's conviction for possession of a firearm by a convicted felon.  Id. at 259, 511 S.E.2d at 438.

We confirm that the holding in Redd is still the law of this Commonwealth.  In Redd, the defendant's threat to kill the clerk was an implied assertion that the object was a firearm.

5

In the case before us, Jordan did not verbally threaten to kill Arrowood, however, the acts of pointing the gun at Arrowood while directing him to get out of the car, most assuredly communicated the message that if Arrowood did not comply, Jordan would shoot him.

Arrowood specifically identified the object as a "Raven." A Raven is a well-known, compact, .25 caliber semi-automatic pistol that is commonly referred to as a "Saturday Night Special," and can easily be concealed. See United States v. Sanders, 994 F.2d 200, 202 (5th Cir. 1993); Burks v. State, 876 S.W.2d 877, 884 (Tex. Crim. App. 1994). The reference to a "Raven" indicates a specific weapon that was designed, made, and intended to fire or expel a projectile by means of an explosion. A Raven pistol clearly meets the definition of a firearm as set out in Armstrong.

Arrowood's ability to identify a Raven pistol was subject to cross-examination. The determination of how much weight to give to his identification of the object as a Raven pistol was a matter for the trier of fact.

We are mindful of the precise question we are required to address when considering an appeal alleging insufficiency of the evidence.

> When analyzing a challenge to the sufficiency of the evidence, this Court reviews the evidence in the light most favorable to the prevailing party at trial and considers

6

any reasonable inferences from the facts proved. The judgment of the trial court will only be reversed upon a showing that it "is plainly wrong or without evidence to support it."

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Code § 8.01-680) (citation omitted).

In this case the jury found Arrowood's testimony to be competent and believable. The trier of fact was entitled to consider the totality of the evidence including Arrowood's direct testimony identifying the weapon and Jordan's conduct which included pointing that weapon to Arrowood's head and demanding that Arrowood get out of the truck. It was within the province of the jury to conclude that Jordan's conduct was an implied assertion that the object he held was a firearm. We may not substitute our judgment for that of the jury unless no reasonable juror could have come to this conclusion.

## III. Conclusion

Accordingly, we will affirm the Court of Appeals' judgment holding that the evidence was sufficient to support Jordan's conviction for possession of a firearm by a convicted felon.

Affirmed.


JUSTICE POWELL, with whom JUSTICE GOODWYN and JUSTICE MILLETTE join, concurring in part and dissenting in part.

The majority confirms that Startin v. Commonwealth, 281 Va. 374, 706 S.E.2d 873 (2011), Armstrong v. Commonwealth, 263 Va.

7

573, 562 S.E.2d 139 (2002), and Redd v. Commonwealth, 29 Va. App. 256, 511 S.E.2d 436 (1999), are the law of the Commonwealth but concludes that the evidence in this case is nevertheless sufficient to convict Jordan of possession of a firearm by a convicted felon. Although I agree concerning the applicable authority, I respectfully disagree that the evidence here was legally sufficient to convict Jordan. Therefore, for the following reasons, I would reverse his conviction for possession of a firearm in violation of Code § 18.2-308.2.

"Undoubtedly, in criminal cases, the burden of establishing guilt rests on the prosecution from the beginning to the end of the trial." Agnew v. United States, 165 U.S. 36, 49-50 (1897). "[W]e will not sustain a trial court's judgment that is plainly wrong or without evidence to support it." Brickhouse v. Commonwealth, 276 Va. 682, 686, 668 S.E.2d 160, 162 (2008). "'Suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a conviction.'" Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991) (quoting Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990)). Thus, the Commonwealth had the burden to prove beyond a reasonable doubt that the object Jordan pointed at Arrowood was an instrument that was designed, made, and intended to expel a projectile by means of explosion and not merely an object that had the appearance of one. See Startin,

8

281 Va. at 377, 706 S.E.2d at 876; Armstrong, 263 Va. at 583, 562 S.E.2d at 144.

Despite the certitude of Arrowood's identification of the object as a Raven pistol, I believe that the Commonwealth failed to prove that the object Jordan used was a firearm within the meaning of Code § 18.2-308.2, as established by precedent.  At Jordan's trial, Arrowood testified that the incident lasted between thirty seconds to one minute, Jordan was six inches to a foot away, and Arrowood had five seconds to look at the gun through the mirror as Jordan approached.

During questioning by the Commonwealth, Arrowood testified

> [Jordan] pointed a gun at me and told me to get out of the truck.
>
> [Commonwealth:]  Could you describe the gun that he pointed at you?
>
> [Arrowood:]  Like a small pistol.  It was silver.
>
> [Commonwealth:]  You say a pistol.  Your dad . . . is or was in the military?
>
> [Arrowood:]  Uh-huh.
>
> [Commonwealth:]  So you have some familiarity with handguns?
>
> [Arrowood:]  Yes, sir.
>
> [Commonwealth:]  And you've fired handguns before?

9

[Arrowood:]  Yes, sir.

[Commonwealth:]  All right. Were you able to recognize -- you said -- you described it as a pistol. What do you mean as a pistol?

[Arrowood:]  Like a semiautomatic pistol.

[Commonwealth:]  All right. What color was it?

[Arrowood:]  Silver.

. . . .

[Commonwealth:]  Could you tell what it was?

[Arrowood:]  Yes, sir.

[Commonwealth:]  And what was it?

[Arrowood:]  It was a -- like a Raven pistol.

[Commonwealth:]  Okay. That's a type of pistol?

[Arrowood:]  It's a small pistol.

[Commonwealth:]  And that you are familiar with?

[Arrowood:]  Yes, sir.

(emphasis added).  When asked on redirect examination whether the instrument "look[ed] like a toy gun," Arrowood responded, "[a] really detailed toy gun if it was."

There was no physical evidence presented regarding the object or its use.  It is undisputed that Arrowood never used or examined the instrument that Jordan pointed at him.  It is also undisputed that there was no testimony from anyone who had used

10

or examined the object or who had observed it being used, made, or assembled.

Thus, Arrowood's testimony based solely on his brief observation of the object is insufficient as a matter of law to prove beyond a reasonable doubt that the instrument was designed, made, and intended to expel a projectile by means of an explosion.  Indeed, I believe his testimony is no different than simply describing the object as a gun, because it is merely an opinion based on casual observation.  Demonstrating that he knew the well-known brand or model name of a small, silver handgun in no way bolsters his testimony regarding whether what he saw was a real gun or a replica.

It is almost impossible for an observer, no matter how experienced, to look at an object and <u>know</u> that it is an <u>instrument designed, made, and intended to expel a projectile by means of an explosion</u>.  Indeed, our ruling in <u>Startin</u> makes clear that whether an instrument was designed, made, and intended to fire or expel a projectile by means of an explosion cannot be discerned by merely looking at the instrument. [*]

Evidence demonstrating that the object was designed, made, and intended to expel a projectile by means of an explosion is

_____

[*] The "replica" of a pistol at issue in <u>Startin</u>, 281 Va. at 377, 706 S.E.2d at 876, was rendered inoperable by the lack of a firing pin, a modification that is undetectable without disassembly.

necessary for a conviction under Code § 18.2-308.2.  However, this is not to say that in order to secure a conviction under Code § 18.2-308.2, the Commonwealth would have to prove its case beyond all possible doubt or that one could never be convicted of possession of a firearm as a convicted felon in the absence of the firearm; in fact, this is the precise proposition for which Redd stands.  The credible testimony of an individual who has examined, used or seen the instrument being used would be sufficient for the fact finder to conclude that an instrument that looks like a gun is indeed designed, made, and intended to expel a projectile by explosion.  This type of evidence could be used to validate an eyewitness's description of an object.  See Taylor v. Commonwealth, 33 Va. App. 735, 737, 536 S.E.2d 922, 922-23 (2000) (relying on circumstantial evidence to "prove whether a particular firearm functions" in the context of possession of a firearm while in possession of certain contraband in violation of Code § 18.2-308.4).  For example, evidence is sufficient when based upon the verbal implied assertion of the defendant, who we can infer had the opportunity to examine and/or use the object, that the object was designed to be a functioning firearm.  See Redd, 29 Va. App. at 259, 511 S.E.2d at 438.

The majority upholds the trial court's conviction based solely on a witness's belief that an instrument looked like an

12

admittedly well-known, specific model of firearm as a substitute for evidence, required by precedent, regarding whether the instrument met the requirements of Code § 18.2-308.2. In doing so, the majority erases the distinction that the General Assembly so carefully drew, and which this Court and the Court of Appeals have previously observed, between the evidence necessary to prove a violation of Code § 18.2-53.1 (use) as opposed to a violation of Code § 18.2-308.2 (possession).

Here, we have only the uncorroborated description of an unknown object made by a young boy after viewing the object for mere seconds. Without more, such as physical evidence or testimony of an individual who has examined or used the instrument, such observation testimony is insufficient as a matter of law to prove beyond a reasonable doubt that an instrument was designed, made, and intended to expel a projectile by means of an explosion. See Startin, 281 Va. at 377, 706 S.E.2d at 876.

I recognize that the difference between the statutes governing use of a firearm during the commission of a felony, Code § 18.2-53.1, and the possession of a firearm by a convicted felon, Code § 18.2-308.2, is subtle, but the important distinction between the two is that the appearance of the object alone is appropriate and sufficient only for a conviction for use of a firearm. The reliance on the presentation of the

13

object and mere "identification" by any observer as an implied assertion that the object was made to expel a projectile is tantamount to reliance solely on the object's appearance which as a matter of law amounts to nothing more than evidence sufficient to prove a violation of Code § 18.2-53.1. Indeed, Redd, which the majority adopts as the law, recognizes as much. In Redd, the Court of Appeals specifically held that the appearance of the gun along with its manner of presentation, i.e., brandishing, was insufficient to support a conviction for possession of a firearm by a convicted felon. 29 Va. App. at 259, 511 S.E.2d at 438. Taken to its logical conclusion, the majority's interpretation completely eradicates the distinction between the two offenses.

Because the burden of proof in criminal cases has constitutional status, any conviction that rests upon legally insufficient evidence is a denial of due process. Jackson v. Virginia, 443 U.S. 307, 309 (1979); Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003). I would reverse Jordan's conviction for possession of a firearm by a convicted felon.